UNITED STATES v. FONG ON.

(District Court, S. D. New York. April·18, 1916.)

ALIENS ☞32(8)—CHINESE—DEPORTATION.

In a proceeding for the deportation of a Chinese person, evidence *held* sufficient, under Act May 5, 1892, c. 60, § 3, 27 Stat. 25 (Comp. St. 1913, § 4317), declaring that a Chinese person or person of Chinese descent, arrested under the provision of the act, shall be adjudged to be unlawfully within the United States, unless he shall establish by affirmative proof his lawful right to remain in the United States, to establish defendant's citizenship and right to remain in the United States.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84.]

At Law. Proceeding by the United States for the deportation of Fong On. Order of commissioner, authorizing deportation, reversed, and defendant discharged.

Edwin M. Stanton, of New'York City, for the United States.
John N. Boyle, of New York City, for defendant.

LEARNED HAND, District Judge. Section 3, Act May 5, 1892 (27 Stat. 25, c. 60 [Comp. St. 1913, § 4317]) being valid (Chin Bak Kan v. U. S., 186 U. S. 193, 200, 22 Sup. Ct. 891, 46 L. Ed. 1121), the sole question is whether Fong On has made out his case. The arrest, though made under section 6 (Comp. St. 1913, § 4320), certainly cannot stand under that section, because there is no reason to hold him as a laborer, and his age in any case prevents his coming within that provision. The question, therefore, is whether he and his witness should be believed.

Of corroboration there is not much, except his understanding of English and his ability to read and write it, in which he shows a facility which presupposes long residence in the country. I can hardly agree with the commissioner that he does not testify as much as any one can that he was born in San Francisco. He does say categorically that he was born there, and could say no more. Of course, he could predicate this only upon hearsay, and I think that there was no need, unless he was asked, to say that his father or his mother had told him so; that must be presupposed. Fong Loy's corroboration contains nothing suspicious that I can see, except this: He says that he had known Fong On since he was a baby, 15 or 16 years ago; that he remembered his father's holding him on his arm. Now Fong On was 10 years old 16 years ago, hardly a baby. On the other hand, Fong On said he had known Fong Loy since he was born, which must be taken to mean for so long as he could remember, which would generally be from the time he was about 6 years old. As Fong Loy knew Fong On's proper age, logical consistency would require us to suppose that he thought a boy of 10 was a baby, and Fong On must be understood as saying that he could not remember back of the age of 10. Both of these facts are unlikely. However, I think it unreasonable to take lapse of time too literally; his recollection of Fong On as being a baby carried by his father is more apt to be true. We ought

not to press too much a statement such as "about 15 or 16 years." We should not do so in an ordinary case.

Except for this, the case would really be devoid of much question, if the defendant and his witness were not Chinamen. The temptation to claim citizenship is very great, no doubt, and absolute certainty I do not think the case admits of; but I must give some credence to the testimony of men who, so far as one can see, have the usual earmarks of veracity under the circumstances. If they were Italians, or Irish, or Germans, or Jews, no one would very seriously assert that I ought with justice to disregard their testimony, even where they had the burden of proof. I do not know, and surely I ought not to assume, that Chinamen are less likely to speak the truth than any one else. Until there is some authoritative requirement to the contrary, I ought not to have any preconceived notions about it.

Order reversed; defendant discharged.